**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL FISHER, SR. | 1:21-cv-12852-NLH-AMD |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| RANCOCAS VALLEY HIGH SCHOOL, | |
| Defendant. | |

**APPEARANCES:**

DANIEL FISHER, SR.
P.O BOX 83
PEMBERTON, NJ 08068

*Plaintiff appearing pro se*

**HILLMAN, District Judge**

WHEREAS, Plaintiff, Daniel Fisher, Sr., appearing *pro se*, has filed a complaint against Defendant Rancocas Valley High School; and

WHEREAS, Plaintiff asserts a number of constitutional and statutory claims based on Defendant's alleged actions in allowing stormwater to run off from a parking lot into property that he owns, including claims under the Takings Clause of the Fifth Amendment, 42 U.S.C. §§ 1983, 1985, and 1986, the Fourteenth Amendment, and a variety of state and federal laws and regulations; and

1

WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application) (ECF No. 1-2); and

WHEREAS, pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant, Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, Plaintiff's Complaint appears to simply be a retread of a previous complaint he filed before this same Court in 2018, styled there as a "Writ of Error," in which he asserted most of the same claims (see Fisher v. Eastamption Board of Education, Case No. 18-cv-15143-NLH-AMD, ECF No. 1); and

WHEREAS, Plaintiff had also previously litigated nearly identical claims regarding the exact same issues in state court, which the New Jersey Superior Court, Law Division dismissed because his claims were "not filed before the statute of limitations expired," a dismissal which was upheld on appeal by the Superior Court, Appellate Division, (see Fisher v.

3

Eastampton Board of Education, Case No. A-4377-14T2, 2017 WL 444306 (N.J. Super. Ct. App. Div. 2017); and

WHEREAS, in the 2018 case before this Court, the Court held that "Plaintiff's request that this Court reexamine the same claims the state court resolved, and separately assess the propriety of the state court's decisions, would plainly violate the Rooker-Feldman abstention doctrine," (Case No. 18-cv-15143-NLH-AMD, ECF No. 7 at 6); and

WHEREAS, this Court gave Plaintiff two further opportunities in that action to amend his complaint to state claims that were not barred, before dismissing his complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(3) when he failed to do so (Case No. 18-cv-15143-NLH-AMD, ECF No. 16); and

WHEREAS, Plaintiff's current Complaint in this action states almost identical causes of action as did his complaint in the previous action, and again references — on the very first page of his "Legal Argument" section — the underlying state court proceeding which was resolved against him, (ECF No. 1 at 6, 8); and

WHEREAS, the Rooker-Feldman doctrine provides that lower federal courts lack subject-matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the

4

state court's decision in a judicial proceeding, Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F.2d 169, 177 (3d Cir. 1992); In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005) ("The Rooker-Feldman doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments."); and

WHEREAS, the Court therefore finds that Plaintiff's claims are again barred by the Rooker-Feldman doctrine, and that the Court therefore lacks subject-matter jurisdiction over the claims put forth in this action; and

WHEREAS, to the extent that any of Plaintiff's claims are not directly barred by the Rooker-Feldman doctrine, the Court notes that under the Full Faith and Credit Clause, federal courts are required to "give the same preclusive effect to a state-court judgment as another court of that State would give," Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (quoting Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986)), and that accordingly, New Jersey's entire controversy doctrine may govern the claims currently before the Court. Opdycke v. Stout, 233 F. App'x. 125, 128-29 (3d Cir. 2007) (citing Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997)); and

WHEREAS, "New Jersey's entire controversy doctrine 'embodies the principle that the adjudication of a legal

5

controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" Shibles v. Bank of America, N.A., 730 F. App'x. 103, 106 (3d Cir. 2018) (quoting Wadeer v. N.J. Mfrs. Ins. Co., 110 A.3d 19, 27 (N.J. 2015)); and

WHEREAS, each and every one of Plaintiff's claims in his current Complaint relate directly to the same underlying factual allegations and issues at the center of both Plaintiff's underlying state court action and the prior 2018 federal court action dismissed by this Court, and the Court therefore finds that to the extent that any of Plaintiff's claims in his current Complaint were not directly adjudicated in the state court action and therefore barred by the Rooker-Feldman doctrine, they were required to be raised in that proceeding and are now otherwise barred by New Jersey's entire controversy doctrine; and

WHEREAS, Plaintiff, having failed to state a valid claim in his prior 2018 action, despite having been given two additional opportunities to amend his complaint there, has again failed to put forth any valid causes of action in his current Complaint that this Court is not facially barred from adjudicating; and

6

WHEREAS, the Court therefore finds that any further attempts by Plaintiff to amend his Complaint to state a valid cause of action regarding the flooding issues at the center of not only this action, but also Plaintiff's prior federal court action and the underlying state court action, would be futile, and the Court will accordingly not permit Plaintiff a fifth opportunity to try to state a claim or demonstrate that this Court has subject-matter jurisdiction over this action;

THEREFORE, IT IS on this 7th day of July, 2021,

ORDERED that Plaintiff's IFP application [ECF No. 1-2] be, and the same hereby is, GRANTED, and the Clerk of Court is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED; and it is further

ORDERED that the Clerk of the Court shall mark this case as CLOSED.

At Camden, New Jersey

/s Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.